IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY SMITH, | No. C 11-01791 SI |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| GARY SWARTHOUT, | |
| Defendant. | |

**INTRODUCTION**

Troy Smith, a prisoner incarcerated at the California State Prison, Solano in Vacaville, California, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

Smith was convicted in San Francisco County Superior Court of four counts of robbery in the second degree (Cal. Penal Code § 212.5(c)), each with an excessive taking of funds allegation (Cal. Penal Code § 12022.6(a)(4)); four counts of false imprisonment (Cal. Penal Code § 236); two counts of burglary in the second degree (Cal. Penal Code § 459); and one count of conspiracy (Cal. Penal Code § 182(a)(1)). The two burglary counts alleged larceny as the underlying predicate offense, and the conspiracy count charged robbery as the predicate offense. All counts alleged an enhancement under Penal Code § 12022(a)(1) for a possession of a firearm during the offense. He was sentenced to 26 years.

Smith appealed, arguing that one of the elements of robbery – the special intent to permanently deprive the owner of the property – was not met given the prosecution's theory that the robbery was an "inside" job accomplished with the active participation of the jewelry store's owner. Smith's conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claim: a denial of petitioner's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution because one of the elements of robbery – the special intent to permanently deprive the owner of the property – was not met given the prosecution's theory that the robbery was an "inside" job. This claim is cognizable in a federal habeas action.

**CONCLUSION**

For the foregoing reasons,

1. The petition states a cognizable claim for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **July 1, 2011**, an answer

conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **August 1, 2011.**

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED.**

Dated: May 2, 2011

SUSAN ILLSTON
United States District Judge