IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TROY SMITH,                                                         No. C 11-01791 SI

        Petitioner,                                            **ORDER TO SHOW CAUSE**

v.

KEVIN CHAPPELL,

        Respondent.
_____/

## INTRODUCTION

Troy Smith, a prisoner incarcerated at the San Quentin State Prison, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Petitioner Smith was convicted in San Francisco Superior Court for multiple counts of robbery, burglary, false imprisonment, and conspiracy. The court sentenced him to an aggregate sentence of 26 years in state prison.

Petitioner appealed, arguing that the prosecution had failed to prove specific intent in the robbery allegation under *Jackson v. Virginia*, 443 U.S. 307 (1979), given the prosecution's theory that the robbery was an inside job, and this violated his rights under the Fifth and Fourteenth Amendments. Smith's conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. Smith then filed his initial petition for a writ of habeas corpus in this Court.

Subsequently, petitioner's counsel received material from the San Francisco County Attorney's Office related to the lead investigator in Smith's case, which had never previously been disclosed. Smith asserts that the material was withheld in violation of his due process rights, pursuant to *Brady v. Maryland*, 373 US 83 (1963). He filed a state court habeas corpus petition for his *Brady* claim, which the San Francisco Superior Court denied. At the same time, Smith filed a motion to amend his initial petition for a writ of habeas corpus in this Court, which contained both exhausted and unexhausted claims. The Court stayed the case until petitioner exhausted all of his claims. Subsequently, the California Court of Appeal denied Smith's state habeas petition, and the California Supreme Court denied review.

Upon petitioner's motion, the Court reopened the case, and petitioner filed his amended petition for writ of habeas corpus.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) denial of petitioner's rights under the Fifth, Sixth, and Fourteenth Amendments because prosecutor unlawfully suppressed exculpatory and impeachment material evidence favorable to petitioner's defense, as required by *Brady v. Maryland*; (2) denial of petitioner's rights under the Fifth and Fourteenth Amendments because one of the elements of robbery and larceny – the specific intent to permanently deprive the owner of the property – was not met given the prosecution's theory that the alleged robbery was an inside job. These claims are cognizable in a federal habeas action.

2

**CONCLUSION**

For the foregoing reasons,

1. The petition states a cognizable claim for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 18, 2013**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 18, 2013**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED.**

Dated: August 19, 2013

SUSAN ILLSTON
United States District Judge