1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

TROY SMITH,

              Petitioner,

   v.

KEVIN CHAPPELL, in his capacity as Warden
of the San Quentin State Prison,

              Respondent.

_____/

No. C 11-01791 SI

**ORDER DENYING PETITIONER'S
MOTION FOR DISCOVERY**

17

18

19

20

21

22

     On December 12, 2013, petitioner filed a motion for discovery pursuant to Rule 6(a) of the

Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.  This motion is scheduled for a

hearing on February 7, 2014.  Pursuant to Local Rule 7-1(b), the Court determines that the matter is

appropriate for resolution without oral argument and VACATES the hearing.  For the reasons set forth

below, the Court DENIES petitioner's motion for discovery.

23

24

25

26

27

28

**BACKGROUND**

     On October 20, 2006, petitioner Troy Smith was convicted, in California Superior Court for the

City and County of San Francisco, of four counts of robbery in the second degree in violation of

California Penal Code § 212.5(c), each with an excessive taking of funds allegation pursuant to Penal

Code § 12022.6(a)(4); four counts of false imprisonment in violation of Penal Code § 236; two counts

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   of burglary in the second degree in violation of Penal Code § 459; and one count of conspiracy in

2   violation of section § 182(a)(1).  Second Amended Petition pg. 2.  All counts included an enhancement

3   under Penal Code § 12022(a)(1) for possession of a firearm during the offenses.  *Id.*  Petitioner is

4   currently serving a sentence of twenty-six years in the San Quentin State Prison; the warden of San

5   Quentin State Prison is respondent Kevin Chappell.

6        Petitioner appealed his conviction to the First Appellate District Court of Appeal and on

7   September 29, 2009, the Court of Appeal affirmed the convictions and sentence.  *Id.*  On January 13,

8   2010, the California Supreme Court denied petitioner's petition for review.  The appeal and petition for

9   review only addressed petitioner's claim that his Fifth and Fourteenth Amendment rights were denied

10  because one of the elements of robbery was not met under the prosecution's theory (plaintiff's claim was

11  raised pursuant to *Jackson v. Virginia*, 443 U.S. 307 (1979), which requires that every element of the

12  offense of conviction be proven beyond a reasonable doubt).

13       On April 12, 2011, petitioner filed this petition for writ of habeas corpus; it raised only the

14  "*Jackson* claim" regarding the allegedly lacking element of the robbery charge.  Docket No. 1.  On June

15  23, 2011, petitioner inquired whether the San Francisco Police Department had *Brady* materials in its

16  files relating to former San Francisco Police Department Inspector Daniel Gardner, the lead investigator

17  and a witness in petitioner's case.  Motion Ex. C.  On August 18, 2011, the San Francisco County

18  District Attorney responded to petitioner's inquiry and stated that the San Francisco Police Department

19  advised them that material in Gardner's personnel file may be subject to disclosure under *Brady*.

20  Motion Ex. D.  The District Attorney filed a motion for discovery in the Superior Court for Gardner's

21  personnel records on September 21, 2011.  Opp. Ex. 1.  The motion requested the court conduct an in

22  camera review of the personnel file to disclose to the District Attorney and petitioner any *Brady* material

23  located within the file, and to issue a protective order for the file, which the Superior Court subsequently

24  executed.  *Id.*  Petitioner then filed a motion in this Court to hold in abeyance his habeas claim pending

25  exhaustion of his state court remedies on his *Brady* claim.  Docket No. 14.

26       Petitioner filed a petition for writ of habeas corpus in the Superior Court for the County of San

27  Francisco on March 7, 2012, requesting the court order the District Attorney's office to produce all

28  additional *Brady* material relating to Gardner, order an evidentiary hearing to determine the full scope

of the "Gardner *Brady* material," and vacate the judgment of his conviction.[1]  Motion Ex. E.  In its order, the Superior Court considered and discussed the "Gardner *Brady* evidence," and denied petitioner's writ.  Second Amended Petition Ex. 33, pgs 10-11.  On March 21, 2013, petitioner filed a petition for writ of habeas corpus in the First Appellate District Court of Appeal, which the court denied. Motion Exs. F, G. Petitioner filed a petition for review in the California Supreme Court on April 5, 2013, and the court denied that petition on June 12, 2013.  Motion Exs. H, I.

On July 12, 2013, petitioner returned to this Court and filed motions to lift the stay and re-open the case; to substitute Kevin Chappell as respondent; and for leave to file an amended petition.  Docket No. 19.  The second amended petition was filed on August 16, 2013, and contains both petitioner's *Jackson* and *Brady* claims.  Docket No. 25.  Petitioner now moves the court for discovery of documents, detailed in a twenty-eight item list in Haller Decl. Ex. J and in Haller Decl. Ex. K.

## DISCUSSION

Plaintiff's motion for discovery pertains to his *Brady* claim.  Accordingly to petitioner, Gardner was a key witness in the prosecution's case against him and without his testimony, the prosecution would not have been able to place petitioner at the crime scene.  Motion pg. 3.  Petitioner's proposed discovery requests production of documents related to Gardner's involvement in a 1997 testing scandal, described in Haller Decl. Ex. J and in Haller Decl. Ex. K. This requested discovery, argues petitioner, is directly relevant to all three elements of his *Brady* claim.

Respondent contends that petitioner has not demonstrated good cause for discovery.  First, respondent asserts that the San Francisco County Superior Court conducted an in camera review of Gardner's confidential personnel file, identified all relevant materials that could implicate a *Brady* claim, and released them to counsel.  Opposition pg. 3.  Respondent maintains there is no reason to believe there is any remaining exculpatory evidence subject to discovery under *Brady* in Gardner's file.

---

[1] Petitioner specifically requested: all attachments to the memorandum sent by Lt. O'Leary to Assistant Chief of Policy Sanders, dated March 30, 1999; the statements of Officers Kosewic and Rolovich concerning Gardner's destruction of evidence and obstruction of justice; other prior statements by Gardner related to the examination, including Gardner's statements to the FBI and his federal grand jury testimony; any and all other documents that reflect false statements, falsification of evidence, and destruction of evidence by Gardner; and any and all documents evidencing Gardner's bias or prejudice towards minorities.

3

1    *Id.* Second, respondent argues that petitioner has not shown that he will be able to demonstrate that he

2    is entitled to relief if he obtains additional materials that he believes exist in Gardner's file. *Id.* pg. 4.

3

4         A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery

5    as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a)

6    of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "judge may,

7    for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and

8    limit the extent of discovery." Before deciding whether a petitioner is entitled to discovery under Rule

9    6(a), the Court must first identify the essential elements of the underlying claim. *See Bracy*, 520 U.S.

10   at 904. The Court must then determine whether the petitioner has shown "good cause" for appropriate

11   discovery to prove his or her claim. *See id.* Good cause for discovery under Rule 6(a) is shown "'where

12   specific allegations before the court show reason to believe that the petitioner may, if the facts are fully

13   developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Id.* at 908-09 (quoting *Harris

14   v. Nelson*, 394 U.S. 286, 299 (1969)); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).[2] The scope

15   and extent of the discovery permitted under Rule 6(a) is a matter confided to the discretion of the district

16   court. *See Bracy*, 520 U.S. at 909. However, "[f]ederal courts sitting in habeas are not an alternative

17   forum for trying facts and issues which a prisoner made insufficient effort to pursue in state

18   proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

19        In *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), the Supreme Court held that federal

20   habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that

21   adjudicated the claim on the merits. Once a state court has decided the claim on the merits, "evidence

22   later introduced in federal court is irrelevant." *Id.* at 1400. As the Ninth Circuit has explained, even

23   where a district court holds an evidentiary hearing related to claims that were previously adjudicated

24   on the merits by state court, any evidence that was not part of the state court record is not reviewable

25   under § 2254(d). *Gentry v. Sinclair*, 705 F.3d 884, 902 (9th Cir. 2013); *see also Runningeagle v. Ryan*,

26   686 F.3d 758, 773 (9th Cir. 2012).

27   _____

28       [2] The Ninth Circuit has also described this standard as being that discovery must be allowed when it is "essential" for the petitioner to "develop fully" his or her underlying claim. *Pham*, 400 F. 3d at 743 (quoting *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997)).

**United States District Court**
For the Northern District of California

1        In petitioner's case, the Superior Court reviewed Gardner's personnel file, identified the material

2   *Brady* evidence, and considered this evidence in making its determination on the merits of petitioner's

3   *Brady* claim. Second Amended Petition Ex. 33, pgs. 10-11. The Superior Court specifically noted and

4   considered petitioner's argument that Gardner planted evidence leading to petitioner's conviction, and

5   that if Gardner had been impeached with the new evidence from his personnel file, the outcome of

6   petitioner's trial would have been different. *Id.* pg. 10. Considering the evidence it deemed material

7   from its in camera review of Gardner's personnel file, the Superior Court issued an order denying

8   petitioner's habeas claim. The Superior Court reasoned that the "evidence presented against Petitioner

9   at trial is stronger than Petitioner characterizes in his petition. While the new *Brady* evidence involving

10  Inspector Gardner could be used to attack his credibility in a general sense, it is not related to the

11  Petitioner's case." Second Amended Petition Ex. 33, pg. 11. The court concluded that "[a]fter

12  reviewing the evidence presented against Petitioner, and the *Brady* evidence discovered after trial, this

13  court finds the new evidence is not material, and so no *Brady* violation occurred." *Id.* Ultimately, the

14  Superior Court concluded that the Gardner-*Brady* evidence was not material to petitioner's case.

15       Under the current Ninth Circuit precedent, petitioner is "not entitled to an evidentiary hearing

16  or additional discovery in federal court because his claim is governed by 28 U.S.C. § 2254(d)(1)."

17  *Runningeagle*, 686 F.3d at 773. The review of claims under § 2254 "is limited to the record that was

18  before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S.Ct. at 1398.

19  Petitioner's *Brady* claim was adjudicated on the merits by the state court, thus any additional material

20  procured in discovery conducted in this Court that was not part of the state court record is not

21  reviewable under § 2254(d). *Gentry*, 705 F.3d at 902 (9th Cir. 2013). Because any additional discovery

22  materials would not be reviewable, petitioner cannot show good cause for his request. Further,

23  petitioner's discovery request to this court is largely duplicative of the request he made in state court.[3]

24  ───────────────

25       [3] Petitioner's request for production includes: all documents relating to the memorandum sent
    by Lt. O'Leary to Assistant Chief of Policy Sanders, dated March 30, 1999; all documents relating to
26  any statements or communications by Officers Kosewic and Rolovich referencing Gardner; all
    documents relating to any statements by Gardner related to the examination, including Gardner's
27  statements to the FBI and his federal grand jury testimony; all documents relating to any false
    statements, false testimony, falsification of evidence, attempts to falsify evidence, destruction of
28  evidence, and attempts to destroy evidence by Gardner; all documents relating to any statements or
    communications by Gardner referencing destruction of evidence, falsification of evidence; all

It appears that petitioner is seeking more of the same materials he has already procured concerning Gardner's involvement in the 1997 testing scandal. While additional evidence might be relevant as to Gardner's credibility, petitioner has already obtained several hundreds of pages of materials pertaining to Gardner's role in the testing scandal investigation through the prior state court discovery.

Accordingly, the Court DENIES petitioner's request.

**IT IS SO ORDERED.**

Dated: February 3, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

documents relating to any attempt by Gardner to suborn false statements or false testimony by another officer; and all documents relating to Gardner's prejudice or bias towards minorities. Haller Decl. Ex. J.

United States District Court
For the Northern District of California

6